IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

    Petitioner,                    No. CIV S-09-3404 GGH P

    vs.

D.K. SISTO, et al.,

    Respondents.              ORDER

/

        Petitioner is a county jail detainee, proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. §1915(a).

        Petitioner challenges an adverse disciplinary decision while he was incarcerated at California State Prison – Solano ("CSP-S"). That decision resulted in the forfeiture of 30 days worktime credits. Petitioner challenges the substance of the decision, alleging that it violated his due process and double jeopardy rights, and contends that the penalty improperly delayed his parole release date by 30 days. Petitioner seeks dismissal of the disciplinary conviction, restoration of the 30-day credit, and application of this credit to shorten the duration of his

parole.

It appears that under California law restored good time credits may not be applied to shorten an existing parole term, including when there has been a subsequent incarceration due to parole violation. See, e.g., Community Release Bd. v. Superior Court, 91 Cal. App. 3d 814 (4th Dist. 1979) (good time credits apply to a term of imprisonment, not to a term of parole); but see, Cal. Penal Code § 2932(g) ("If time credit denial proceedings or criminal prosecution prohibit the release of a prisoner who would have otherwise been released, and the prisoner is found not guilty of the alleged misconduct, the amount of time spent incarcerated, in excess of what the period of incarceration would have been absent the alleged misbehavior, shall be deducted from the prisoner's parole period"). If time credits do not survive release on parole, then this court may be without jurisdiction to consider petitioner's habeas claim pursuant to the case or controversy requirement of Article III, § 2, of the United States Constitution. See, e.g., Wilson v. Terhune, 319 F.3d 477 (9th Cir. 2003) (petitioner must identify continuing collateral consequence flowing from the challenged disciplinary proceeding to avoid dismissal on the ground of mootness); see also, Kimbrough v. California, 2007 WL 2908287 (E.D. Cal. 2007) (Civ. No. 98-0392 MCE JFM P) (dismissing similar petition by parolee for lack of jurisdiction based on mootness); but see Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002) (dismissing habeas petition as moot but authorizing a civil rights action pursuant to 42 U.S.C. § 1983).

With these considerations in mind, respondents will be directed to file a response to petitioner's habeas petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. Respondents are directed to file a response to petitioner's habeas petition within sixty days from the date of this order. See Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, Fed. R. Governing § 2254 Cases;

3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter; and

5. The Clerk of the Court shall serve a copy of this order, and the consent/ reassignment form contemplated by Appendix A(k) to the Local Rules of this court, together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: January 28, 2010

                            /s/ Gregory G. Hollows
                        United States Magistrate Judge