1

2

3

4

5

6

7

8

9               IN THE UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11   QUOC XUONG LUU,

12          Petitioner,              No. 2:09-cv-3404 JAM KJN P

13      vs.

14   D.K. SISTO, et al.,             ORDER AND

15          Respondents.             FINDINGS AND RECOMMENDATIONS

16   _____/

17   I.  Introduction

18          Petitioner is a former state prisoner, presently on parole, proceeding without

19   counsel and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C.

20   § 2254.  Petitioner challenges two prison disciplinary decisions relating to the search of his cell,

21   claiming violations of his Fifth Amendment and due process rights.

22          On March 24, 2008, while petitioner was incarcerated at California State Prison -

23   Solano, he was issued a rules violation report for being in possession of tobacco, log number S1-

24   08-02-0755.  (Dkt. No. 1 at 7.)  On March 14, 2008, a prison disciplinary hearing was conducted

25   and petitioner was found guilty of the rules violation.  (Id.)  Petitioner was assessed thirty-days

26   loss of work-time credits.

1

1    In the instant proceeding, petitioner claims that the prison disciplinary hearing

2 violated his Fifth and Fourteenth Amendment rights.  Specifically, he presents three grounds for

3 the granting of habeas relief:  (1) petitioner's fifth amendment right was violated by two prison

4 disciplinary decisions relating to one search of his cell;[1] (2) petitioner's due process rights were

5 violated when he was not given a final copy of the Rules Violation Report within five working

6 days as required by California Code of Regulations, title 15, § 3320(*l*); and (3) petitioner was

7 denied procedural safeguards when he was not provided an investigative employee as required by

8 California Code of Regulations, title 15, § 3315(d)(1)(A) in violation of the Fourteenth

9 Amendment.  Petitioner seeks dismissal and expungement of his prison disciplinary conviction

10 and restoration of the thirty days loss of work-time credits.  Because petitioner was on parole at

11 the time he filed the instant petition, petitioner seeks credit of the thirty days toward his period of

12 parole supervision.  (Dkt. No. 1 at 53.)

13 II.  Analysis

14    As indicated above, petitioner filed his petition for a writ of habeas corpus after he

15 was released on parole.  Accordingly, the court must determine whether this action is moot.

16    "A case becomes moot when 'it no longer present[s] a case or controversy under

17 Article III, § 2, of the Constitution.'"  Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003)

18 (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  A federal habeas petition challenging an

19 underlying criminal conviction is never rendered moot by the petitioner's release from custody

20 when after its filing so long as there are collateral consequences that flow from the criminal

21 conviction.  Wilson, 319 F.3d at 479 (citation omitted).  However, "the presumption of collateral

22 consequences does not apply to prison disciplinary proceedings."  Wilson, 319 F.3d at 480.  In

23 Wilson, the federal habeas petition was filed after the disciplinary action had been either

24 ────────────

25    [1] Petitioner's challenge to prison disciplinary log number S1-08-02-0754, filed in Case
No. 2:09-cv-2732 WBS DAD P, was dismissed as moot on September 1, 2010.  (Dkt. No. 12.)  A
court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d

26 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    withdrawn or completed.  Id., 319 F.3d at 479.  The Ninth Circuit concluded that the petitioner

2    had failed to allege any collateral consequences stemming from his prison disciplinary conviction

3    sufficient to meet the case-or-controversy requirement.  Id., 319 F.3d at 481-82.

4            Similarly, here, petitioner filed his federal habeas petition after the prison

5    disciplinary action was completed.  See also Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir.

6    2002) (holding that a habeas challenge to a loss of good time credits is rendered moot by one's

7    release from custody where the discipline had no collateral consequences that followed release);

8    Garrett v. Marshall, 2009 WL 3417786, *2 (C.D. Cal. Oct. 20, 2009) (habeas application

9    challenging prison disciplinary conviction and loss of good time rendered moot by petitioner's

10   release on parole); Washington v. Scribner, 2008 WL 2523247, at *2 (E.D. Cal. June 20, 2008)

11   (When sentence expires and inmate subsequently released on parole, claims regarding the

12   restoration of good-time credits lost at a disciplinary hearing become moot because that issue has

13   no bearing on the length of parole term.); Tsehai v. Schwartz, 2007 WL 1087058, at *1 (E.D.

14   Cal. Apr. 10, 2007) (federal habeas petition challenging a prison disciplinary conviction and

15   forfeiture of time credits rendered moot by petitioner's release on parole).

16           Moreover, it is mere speculation to assume that petitioner would have been

17   released from prison earlier on parole, if not for the challenged prison disciplinary conviction.

18   As the Ninth Circuit reasoned in Wilson, "the decision to grant parole is discretionary" and "'the

19   importance attached to any circumstance . . . is left to the judgment of the [parole] panel.'"

20   Wilson, 319 F.3d at 482 (citing Cal. Code of Regs. tit. 15, § 2402(c)).  Therefore, "the likelihood

21   of delayed or denied parole is a type of nonstatutory consequence dependent on discretionary

22   decisions that is insufficient to apply the presumption of collateral consequences."  Id. at 481;

23   Norman v. Salazar, 2010 WL 2197541, at *2 (C.D. Cal. Jan. 26, 2010) ("Although a disciplinary

24   conviction may not help an inmate who is seeking release on parole, it is only one of a 'myriad of

25   considerations' relevant to a parole decision and does not inevitably affect the length of the

26   prisoner's sentence); Gayles v. Sisto, 2010 WL 231382, at *2 (E.D. Cal. Jan. 13, 2010) ("[T]he

1  potential use of the 115 in future parole proceedings is too speculative to be considered a

2  collateral consequence . . . ."); <u>James v. Castellaws</u>, 2008 WL 4058477, at *1 (N.D. Cal. Aug.

3  28, 2008) (habeas action challenging disciplinary action and loss of good time credit was moot

4  because the punishment imposed had expired and allegations that the rules violation finding may

5  result in a delay or denial of parole were too speculative to constitute sufficient proof of collateral

6  consequences).

7          Because petitioner has been released on parole, this court cannot grant any

8  meaningful relief to petitioner.  Therefore, this action should be dismissed as moot.

9          In light of the above, petitioner's motion for evidentiary hearing should be denied.

10  III.  <u>Conclusion</u>

11          Accordingly, IT IS HEREBY ORDERED that petitioner's May 18, 2010 motion

12  for an evidentiary hearing (dkt. no. 14) is denied without prejudice; and

13          IT IS HEREBY RECOMMENDED that this action be dismissed as moot.

14          These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

16  one days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

19  objections, he shall also address whether a certificate of appealability should issue and, if so, why

20  and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

21  the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

22  § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after

23  service of the objections.  The parties are advised that failure to file objections within the

24  ////

25  ////

26  ////

1    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2    F.2d 1153 (9th Cir. 1991).

3    DATED:  November 3, 2010

4

5

6    _____
     KENDALL J. NEWMAN

7    UNITED STATES MAGISTRATE JUDGE

8    luu3494.moot

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26